UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 07-373 |
| DAVID D. BRAUNER | SECTION: "J" |

**ORDER**

Before the Court are (1) Defendant's Motion to Quash Under Louisiana Code of Criminal Procedure art. 532 (Rec. Doc. 37) and (2) Defendant's Motion to Suppress Evidence (Rec. Doc. 38).

**DEFENDANT'S MOTION TO QUASH**

Defendant's Motion to Quash is premised on a violation of LA. CODE OF CRIM. PROC. ANN. art. 532. However, the Louisiana Code of Criminal Procedure does not apply in this Court. *Hale v. United States*, 435 F.2d 737, 749 (5th Cir. 1970)("[T]he criminal procedure of the state in which the district court is located is inapplicable."); *see also* FED. R. CRIM. P. 1(a)(1)("These rules govern the procedure in all criminal proceedings in the United States district courts."). Accordingly, LA. CODE CRIM. PROC. ANN. art. 532 is inapplicable in this Court.

**DEFENDANT'S MOTION TO SUPPRESS**

In a motion to suppress, the defendant bears the burden of making specific factual allegations of illegality, producing evidence, and persuading the court that evidence should be suppressed.  *United States v. Evans*, 572 F.2d 455, 486 (5th Cir. 1978).  Evidentiary hearings are not granted as a matter of course, but only when the defendant alleges specific facts which, if proven, would justify relief.  *United States v. Rockwell*, No. 07-128, 2007 WL 2122432 (E.D. La. July 19, 2007); *United States v. Smith*, 546 F.2d 1275, 1280 (5th Cir. 1977).  The Fifth Circuit has held that allegations contained in a motion to suppress must be "sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that a substantial claim is presented.  If the allegations are sufficient and a factual question is raised, a hearing is required."  *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972).

Here, Defendant's motion is, at best, bare-boned.  The Defendant cites no case law in support of his position, and his motion contains no facts or arguments to support the conclusory allegations made therein.  This Court concludes that an evidentiary hearing is not warranted at this juncture as the Defendant has failed to allege specific facts that, if proven, would justify relief.  Accordingly,

**IT IS ORDERED** that the Motion to Quash Under Article 532 (Rec. Doc. 37) is **DENIED;**

**IT IS FURTHER ORDERED** that the Motion to Suppress the Evidence (Rec. Doc. 38) is **DENIED.**

New Orleans, Louisiana this the 5th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE